UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GREGORY SHEFFIE, ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 09-2487** |
| | * | |
| **ESSEX INSURANCE COMPANY, ET AL.** | * | **SECTION "L" (1)** |

## ORDER & REASONS

Before the Court is Defendant Essex Insurance Company's Motion to Dismiss (Rec. Doc. No. 11). Plaintiff opposes the motion. The Court has reviewed the relevant memoranda as well as the applicable law and is now ready to rule. For the reasons that follow, the motion is GRANTED.

## I. BACKGROUND

Plaintiffs' counsel filed several class action law suits against various insurance companies for breach of contract and bad faith claims arising out of damages sustained during Hurricane Katrina. On August 27, 2009, Plaintiff Sheffie, among others, was named in *Abadie, et al. v. Aegis Security Insurance Co., et al.* C.A. No. 07-5112 (*Abadie II*), the second such mass joinder suit filed by Plaintiffs' counsel. Plaintiff Christian Community Baptist Church was not named in the suit. According to Plaintiffs, Sheffie intended in *Abadie II* to sue defendants over a commercial insurance policy held in the name of Christian Community Baptist Church, an organization he worked for.

On January 12, 2009, Magistrate Judge Wilkinson issued an Order severing several claims, including Sheffie's, from *Abadie II*, and ordering those plaintiffs to file individualized, amended complaints against the appropriate insurer. On January 30, 2009, Sheffie filed a

1

Supplemental and Amending Complaint naming Essex Insurance Company ("Essex") and Markel Insurance Company ("Markel") as Defendants. Christian Community Baptist Church ("the Church") was named for the first time as an additional plaintiff in the amended complaint.

On June 15, 2009, Essex and Markel filed separate motions to dismiss. On September 29, 2009, the Court granted Plaintiff's voluntary motion to dismiss Markel from the case without prejudice. Essex's motion to dismiss remains.

## II. THE MOTION TO DISMISS

Essex moves to dismiss Plaintiff's claims on the grounds that the amended claims are prescribed and do not relate back to those claims filed in *Abadie II*. Essex contends that Sheffie has no standing to bring this claim since Sheffie is not listed on the applicable insurance policy. Essex further argues that since the Church was not a named party in the *Abadie II* litigation, the Church cannot relate back to the original *Abadie II* complaint, and their claim must be dismissed based on prescription. Essex, therefore, seeks dismissal of both named Plaintiffs pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs oppose Essex's Motion and argue that Sheffie has standing as a "real party in interest" under Federal Rule of Civil Procedure 17 since Sheffie is a deacon at the Church. Therefore, Plaintiffs maintain, the amended complaint relates back to the date of the original *Abadie II* pleading under Federal Rule of Civil Procedure 15(c). Further, even if Sheffie is not a real party in interest, Plaintiffs argue that the Church should be allowed to be substituted into the action under Rule 17(a). Finally, Plaintiffs argue that the Church filed a timely lawsuit against Essex because the prescription period was tolled and has not yet run.

## III. LAW AND ANALYSIS

### A. Standard of Review under 12(b)(6)

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a district court must accept the factual allegations of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Unless it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim," the complaint should not be dismissed for failure to state a claim. *Id.* at 284-285 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed.2d 80 (1957)). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not defeat a motion to dismiss. *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (citing *Fernandez-Montes*, 987 F.2d at 284).

### B. Prescription Period

This action arose out of an insurance claim from Hurricane Katrina damage. The prescription period in Louisiana for damage to immovable property is one year from the day the owner knew or should have known of the damage. *See* La. Civ. Code art. 3493. The state legislature extended the prescription period for claims arising out of Hurricane Katrina damage through September 1, 2007. *See* La. Rev. Stat. Ann. § 22:658.3(A). *Abadie II* was timely filed on August 27, 2009. The instant suit was filed on January 30, 2009 and thus is prescribed unless it relates back to *Abadie II*.

### C. Standing/Real Party in Interest

Before reaching the issue of whether the present amended claims relate back to *Abadie II*,

the Court must first determine if Plaintiff Sheffie had standing to bring his *Abadie II* claim in the first place. Essex argues that Sheffie did not then, and does not now, have standing since Sheffie is not listed as an insured on the insurance policy in question. Plaintiffs contend that Sheffie has standing as a "real party in interest" under Rule 17 and rightfully brought suit on behalf of the Church.

This Court finds no precedent, nor does Plaintiff offer any, for concluding that Sheffie is a real party in interest. A real party in interest may be an executer, administrator, guardian, bailee, trustee, a party with whom or in whose name a contract has been made for another's benefit, or a party authorized by statute. Fed. R. Civ. P. 17(a)(1). Sheffie is none of the above. He has no fiduciary relationship to the Church, nor did he contract for or benefit from the insurance policy. It appears from Plaintiffs' opposition to the instant motion that Sheffie is a deacon at the Church. This fact is not contained in the amended complaint. However, even if it was, it would not suffice to make Sheffie a real party in interest.

Having found that Sheffie is not a real party in interest, the Court considers Plaintiffs' alternative argument that Sheffie is entitled to substitute the Church as the proper real party in interest, under Federal Rule of Civil Procedure 17(a)(3), which states in pertinent part:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

The Court is skeptical that Rule 17(a)(3) was intended for this type of situation. However, even if it was, Rule 17 must be read in conjunction with Fed. R. Civ. P. 15 (c), which governs the substitution of parties on amended claims that relate back.

4

*D. Relation Back*

Rule 15(c)(1) states in pertinent part:

> An amendment to a pleading relates back to the date of the original pleading when...(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; or (c) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment (I) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Essex first argues that Plaintiffs' claims fail to comply with Rule 15(c)(1)(B) because they do not arise out of the same action asserted in *Abadie II*. Despite Essex's argument, it appears that these claims are exactly the type of claims which arose out of *Abadie II*. However, the Court need not reach the issue, since it is clear that the Church's claims do not comport with Rule 15(c)(1)(C). The rule requires that the substitution of a party on a claim that relates back be allowed only when the Defendant received constructive or actual notice that they were being sued by the party being substituted within the prescription period.

Notice was not conferred on Essex, nor did Essex know, nor should it have known, about the Church's lawsuit prior to the end of the prescriptive period. Plaintiff did not serve Essex until February 13, 2010 (Rec. Doc. No. 2), long after the prescriptive period had ended. Further, Essex had no actual or constructive notice of this suit being filed prior to the end of the prescriptive period. At the time *Abadie II* was filed, only Sheffie was a named Plaintiff. Sheffie's name is not on the Church's insurance policy, and thus Essex would have no way of knowing that Sheffie was suing as an agent of the Church. Plaintiffs' memorandum argues that

Essex was on notice because Plaintiffs' attorney contacted Essex regarding the Church's insurance claim and submitted proof of loss prior to the prescription date. However, the contact between Plaintiffs' attorney and Essex were mere negotiations. The Church can show no prior contact where Essex was put on notice of a lawsuit regarding this particular insurance policy prior to the end of the prescriptive period. Thus, the Church's contacts are insufficient to satisfy Rule 15(c)(1)(C). *See Tubre v. Western Diversified Casualty Insurance Co.*, No. 09-2482, 2009 WL 3447255, at *3 (E.D.La. Oct. 19, 2009) (finding similar negotiations between Plaintiff's attorney and a defendant insurance company did not provide adequate notice of a lawsuit for Rule 15(c)(1)(C) purposes). The Church's claims do not relate back to *Abadie II*. Thus they are prescribed and must be dismissed.

## IV. CONCLUSION

Finding that Plaintiff Sheffie has no standing with regards to the present claims, and Christian Community Baptist Church's claims are prescribed,

IT IS ORDERED that Defendant Essex Insurance Company's Motion to Dismiss is hereby GRANTED. IT IS FURTHER ORDERED that all of Plaintiffs' claims against the Defendant Essex Insurance Company be and are hereby DISMISSED with prejudice.

New Orleans, Louisiana, this 17th day of February, 2010.

_____
UNITED STATES DISTRICT JUDGE